IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Cr. A. No. 06-108-JJF |
| SHEILA MARGARET HAYFORD, | : |
| Defendant. | : |

**OPPOSITION TO DEFENDANT'S MOTION IN *LIMINE***

Comes now the United States of America, by its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon Thee Hanson, Assistant United States Attorney, and respectfully opposes the defendant's motion in *limine*. In light of the scope of both the original charges and those in the Superseding Indictment filed against the defendant on May 1, 2007, the motion is wholly without merit and should be denied. In support of this opposition, the government avers as follows:

**BACKGROUND**

1.  On October 3, 2006, the grand jury for the District of Delaware returned a five count Indictment against defendant Sheila Margaret Hayford ("Hayford"), charging her with five counts of making a false statement under penalty of perjury in connection with five separate bankruptcy petitions she filed in the United States Bankruptcy Court for the District of Delaware between May 24, 2004 and September 6, 2006, in violation of 18 U.S.C. Sec. 152(3). Docket Item ("D.I.") 2. Specifically, the defendant was charged with falsely listing on each petition only one prior bankruptcy within the relevant statutory time period when, in fact, she had filed for bankruptcy

multiple times.[1]

2. After the defendant's initial appearance on October 12, 2007, she was released on her own recognizance pending trial. D.I. 6.

3. At the February 8, 2007 scheduling conference, the Court set trial for April 23, 2007. D.I. 13. That Order also set forth a briefing schedule, with all motions in *limine* to be filed "so as to be completed briefing by not later than Wednesday, April 18, 2007." *Id.*

4. On April 18, 2007, counsel spoke and defense counsel indicated his intent to file both a Motion in *Limine* and a Motion for Trial Continuance in light of the issues to be raised in the Motion in *Limine*. Those motions were filed by the defendant on April 19, 2007, and the government did not oppose the Motion for Trial Continuance. D.I. 14 and 15. On April 19, 2007, the Court granted the Motion for Trial Continuance, finding that it was in the interests of justice to do so, in order "to permit Defendant Hayford to fully present and brief Defendant's Motion in *Limine*." D.I. 16.

5. On May 1, 2007, the grand jury for the District of Delaware returned a Superseding Indictment against defendant Hayford. In addition to the originally charged violations of 18 U.S.C. Sec. 152(3), the Superseding Indictment alleges five counts of bankruptcy fraud under 18 U.S.C.

---

[1] The defendant filed one bankruptcy case, a Chapter 13, in Maryland in 2001. That case was dismissed by the bankruptcy court. Thereafter, she filed a second case, also a Chapter 13, in Delaware in 2003. That case was dismissed when Hayford failed to make payments in accordance with the Chapter 13 plan. The defendant had counsel for both of those cases. Thereafter, Hayford, acting *pro se*, filed a series of five bankruptcy cases in the District of Delaware between May 24, 2004 and September 6, 2006. On the petition initiating each of those cases, Hayford, like all debtors, was required to list all prior bankruptcy cases she had filed within the relevant time period, either the preceding six years or, since October 2005, the preceding eight years. Hayford is charged with listing only one of her prior bankruptcy petitions on each of them.

Sec. 157(1).

**ARGUMENT**

**The Challenged Evidence Is Part of the Charged Scheme and Artifice To Defraud.**

6.     The government's theory of the case is that Hayford abused the bankruptcy court system through multiple filings in order to invoke the protections of the automatic stay to delay and defeat scheduled sheriff sales of her Dover, Delaware house. The sole place on each of her petitions where Hayford's abuse of the system would have been manifest was precisely where she made her false statements – the portion of the form that required Hayford to list her prior bankruptcy filings. Instead of listing her prior experience with the bankruptcy court, Hayford never listed more than one prior case on each of her petitions.[2] Hayford's repeated false statements demonstrate her knowledge of the system and her intent to abuse it by providing false information to the bankruptcy court.

7.     In his motion, the defendant seeks to exclude from evidence at trial "the specific reasons why the first six[3] of Ms. Hayford's bankruptcy petitions had been dismissed." D.I. 14 at 3. The defendant contends that it is not "necessary" when proving the 18 U.S.C. Sec. 152(3) charges to educate the jury about the reasons behind the dismissals of her prior bankruptcy petitions. Indeed, the defendant claims that the reasons the various bankruptcies were dismissed is "irrelevant" to the Section 152(3) offenses. D.I. 14 at ¶4. Finally, the defendant alleges that information about the disposition of Ms. Hayford's prior bankruptcy petitions constitutes Federal Rule of Evidence 404(b)

---

[2] Tellingly, she did not list the same prior case.

[3] Since the Indictment was filed, defendant Hayford's seventh bankruptcy case was dismissed, upon motion by the Office of the United States Trustee. By Order dated November 9, 2006, the United States Bankruptcy Court not only dismissed the case but noted that the automatic stay effected by the filing of future petitions did not apply to defendant Hayford's house. D.I. 18 at ¶27.

3

material and that the manner in which the defendant failed to prosecute the cases would be unfairly prejudicial to the defendant under Federal Rule of Evidence 403. D.I. 14 at ¶5. The defendant's argument fails in all respects, as discussed below.

8. First, and most importantly, since the defendant filed her Motion, the grand jury returned a Superseding Indictment against her. The Superseding Indictment spans the same time period and general conduct as the original Indictment, but adds five additional bankruptcy fraud counts under 18 U.S.C. Sec. 157(1). A statute analogous to the mail and wire fraud statutes, Section 157(1) prohibits bankruptcy fraud as follows:

> A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do to - (1) files a petition under title 11 . . . shall be fined under this title, imprisoned not more than 5 years, or both.

9. Here, the Superseding Indictment alleges that defendant Hayford devised a scheme and artifice to defraud Travelers Bank and Trust, FSB/Citicorp Trust Bank, FSB (hereinafter "Travelers/Citicorp"), her mortgage lender, out of its right and interest in real property – the defendant's house – that secured the Note held by Travelers/Citicorp. D.I. 18 at ¶6. Defendant Hayford defaulted on her mortgage, and Travelers/Citicorp instituted a foreclosure action against her in February, 2002. D.I. 18 at ¶3. As alleged in the Superseding Indictment, defendant Hayford filed five bankruptcy petitions, listing Travelers/Citicorp as a creditor on each, to invoke the protections of the automatic stay in bankruptcy for the purpose of forestalling or defeating anticipated sheriff sales of the house as a result of the foreclosure action. *See* D.I. 18 at ¶7. The defendant's misrepresentations about the existence of prior bankruptcy cases on each subsequent bankruptcy petition were a part of that scheme. D.I. 18 at ¶ 7.

10. The Superseding Indictment specifically includes the manner in which the defendant failed to prosecute her cases -- and hence the reason why her prior petitions where dismissed -- as a part of the scheme and artifice to defraud Travelers/Citicorp. *See* D.I. 18 at ¶ 8 ("defendant HAYFORD would not prosecute a bankruptcy case to discharge; instead, upon dismissal of a bankruptcy case in due course, she would file the next petition to trigger the automatic stay and to prevent and/or delay sale of the Real Property.") The rationale for dismissal, *e.g.*, for the defendant's failure to confirm a Chapter 13 plan (¶ 10) or make payments consistent with the plan (¶ 12), her failure to appear at meetings of creditors (¶¶15, 18) or to file required documents (¶ 24), or, in one case, on her own motion to dismiss after the automatic stay had been lifted (¶ 21) demonstrate Hayford's failure to prosecute the cases to discharge and hence her abuse of the system. D.I. 18.[4]

11. Accordingly, the very evidence the defendant objects to is, in fact, an integral, highly relevant and highly probative part of the Section 157(1) scheme to defraud Travelers/Citicorp. Its introduction at trial will not unfairly prejudice the defendant. The defendant's motion fails.

**The Challenged Evidence is Intrinsic To the Charged Crimes.**

12. Defendant's reliance on Rule 404(b) is misplaced. Rule 404(b) governs evidence of acts unrelated or extrinsic to the charged crimes – not evidence that is intrinsic to the crimes. Evidence of acts which are "intrinsic to the charged offense" does not implicate Rule 404(b). *United States v. Cross*, 308 F.3d 308, 320 (3d Cir.2002) (quoting Fed.R.Evid. 404(b) advisory committee's notes). Intrinsic acts are those which "directly prove the charged [offense]." *United States v. Haas*, 184 F. App'x. 230, 234 (3d Cir.2006) (quoting *Cross*, 308 F.3d at 320). While other Courts of Appeal

---

[4] As set forth in both the Indictment and the Superseding Indictment, the reasons for dismissal of Hayford's bankruptcy petitions are taken directly from the Bankruptcy Court's dismissal orders or the docket entries of those orders.

have deemed evidence "intrinsic" if it is "inextricably intertwined" with or "completes the story" of the charged offense, the Third Circuit has reserved judgment on this question. *Cross*, 308 F.3d at 320 n.19.

13. Evidence of defendant Hayford's failure to prosecute any of the bankruptcy petitions to discharge is intrinsic to all the charged crimes. Her repeated attempts to seek the protections of the bankruptcy system without an attendant willingness to comply, in several instances, with even the most basic required disclosures is probative of the fact that the defendant knowingly and fraudulently failed to list all of her prior bankruptcies on subsequent petitions with intent to deceive the trustee, her creditors (including Travelers/Citicorp), and the bankruptcy court -- an element of the Section152(3) crimes.[5]

14. With respect to the Section 157(1) charges, the fact that Hayford did not prosecute her cases to discharge but, "instead, upon dismissal of a bankruptcy case in due course" would file her next case is likewise an intrinsic and charged part of her scheme to defraud the bank holding the mortgage for her house. D.I. 18 ¶8.[6] Failure to prosecute a case to discharge presumes that the case was dismissed in some way. Granting the defendant's motion would lead to unwarranted and

---

[5] The elements of the Section 152(3) charges are (1) that on or about the dates alleged in the Superseding Indictment there existed a proceeding in bankruptcy in the District of Delaware; (2) that the defendant filed a statement or declaration under penalty of perjury in or in relation to that bankruptcy proceeding; (3)that the statement related to some material fact; (4) that the statement was false; (5) that the defendant made such statement knowingly and fraudulently, with intent to deceive the trustee, the creditors, the bankruptcy court or any other person or entity.

[6] While only five petitions – those filed from May 24, 2004 through September 6, 2006 - are charged as part of the scheme to defraud, information about the reasons for dismissal of the first two petitions is highly probative of her intent to defraud (for Section 157(1) purposes) and her intent to deceive (under Section 152(3)). Accordingly, at a minimum, evidence of these first two dismissals falls within Rule 404(b), as discussed below.

unnecessary speculation on the part of the jury about what happened in each of the prior bankruptcy cases. By contrast, this information tends logically to prove an element of both of the charged crimes. Accordingly, this evidence is "intrinsic" to the charged crimes, and it cannot be said to be improper "bad character" evidence that falls under Federal Rule of Evidence 404(b). Defendant's argument must fail.

### Even If Analyzed As Rule 404(b) Evidence, The Reasons For Dismissal of Hayford's Petitions are Admissible.

15.     Moreover, even if the Court analyzes this information under Rule 404(b), the reasons for dismissal of Hayford's petitions clearly satisfies the four-part test governing admissibility of such evidence. As set forth in *United States v. Dariaio*, 445 F.3d 253, 264 (3d Cir. 2006), to be admissible under Rule 404(b):

> (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted. (citation omitted).

16.     First, the government would introduce information about the reasons why defendant Hayford's bankruptcy petitions were dismissed to prove the defendant's motive, her knowledge of the workings of the bankruptcy system, her plan to use the bankruptcy system's automatic stay to forestall foreclosure, her intent (both to deceive and to defraud), and, finally, to demonstrate the absence of mistake when Hayford falsely and incorrectly completed her bankruptcy petitions without listing all of her prior bankruptcy cases. Each of these is a proper purpose under Rule 404(b). *See, e.g., United States v. Console*, 13 F.3d 641, 659 (3d Cir. 1993).

17.     Second, this information demonstrates both the defendant's scheme to defraud and the falsity of her statements on the petition and thus clearly is relevant under Rule 402. The reasons

7

why the defendant's earlier petitions were dismissed goes directly to her prior use, understanding of, and experience with the bankruptcy system, and those reasons (including the defendant's own request that one of the petitions be dismissed after the automatic stay was lifted) make the anticipated defense that she "forgot" to include the prior petitions less plausible.

18.   Of course, even relevant evidence must satisfy Rule 403. Here, the third prong of the 404(b) test is satisfied because the probative value of this information clearly outweighs its potential for unfair prejudice. Rule 403 is a rule of inclusion creating a "presumption of admissibility." *United States v. Universal Rehabilitation Services (PA)*, 205 F.3d 657, 664 (3d Cir. 2000) (en banc)(citations omitted). Relevant evidence may be excluded only if its "probative value is substantially outweighed by the danger of unfair prejudice.[7]" That is not the case here.

19.   The defendant baldly claims that the jurors will believe that Hayford is a person of "'bad character' based on her inability to successfully conclude her prior bankruptcy petitions." D.I. 14 at ¶ 5. Defendant's argument demonstrates the strength of the government's position. There is no allegation in the Superseding Indictment that failing to prosecute the bankruptcies to discharge is a crime – or even a bad act. The defendant is charged with a scheme to defraud her mortgage lender by filing multiple bankruptcies. The bankruptcy court's repeated dismissals of the defendant's bankruptcy cases – either in the face of the defendant's failure to act or at the defendant's request - are merely illustrative and highly probative of her intent to misuse the bankruptcy system as a weapon against her mortgage lender, Travelers/Citicorp. Why and how each preceding case was dismissed explains the necessity of filing the next petition and thus both the perpetuation of the scheme to

---

[7]In this context, "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Cross*, 308 F.3d at 324 n.23(citing Federal Rule of Evidence 403 advisory committee's note).

defraud and the defendant's apparent motive to misstate the existence of prior filings on those petitions.

20. Finally, should the Court conclude this information falls within Rule 404(b) -- which, again, the government maintains it is not -- then an appropriate limiting instruction would be necessary.

21. Evidence of the specific reasons for dismissal of defendant Hayford's bankruptcy petitions is direct proof of and thus intrinsic to the charged crimes; thus, it is not governed by Federal Rule of Evidence 404(b). Even if this information is analyzed under Rule 404(b), it is clearly relevant and being offered for a proper purpose. Moreover, any danger of unfair prejudice to the defendant is substantially outweighed by the probative value to the jury of learning why the bankruptcy court acted to dismiss each of Hayford's petitions.

WHEREFORE, for the reasons stated above, the government respectfully requests that the Court deny the defendant's Motion in *Limine*. A proposed Order is attached.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Shannon T. Hanson
Assistant United States Attorney
U.S. Attorney's Office
   for the District of Delaware
1007 N. Orange Street, Suite 700
Wilmington, DE 19801
(302) 573-6277 x128

Dated: May 10, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Cr. A. No. 06-108-JJF |
| SHEILA MARGARET HAYFORD, | : |
| Defendant. | : |

## ORDER

For the reasons set forth in the Government's Opposition to the Defendant's Motion in *Limine*, IT IS this_____ day of_____, 2007 ORDERED that the Defendant's Motion is DENIED.

                                                        Joseph J. Farnan, Jr.
                                                        United States District Court
                                                        District of Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Cr. A. No. 06-108-JJF |
| SHEILA MARGARET HAYFORD, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Marie Steel, Legal Assistant in the Office of the United States Attorney for the District of Delaware, hereby certify that on the 10th day of May 2007, I caused to be filed an Opposition to Defendant's Motion In Limine with the Clerk of Court. I further certify that a copy of the foregoing was mailed via First Class Mail to counsel of record as follows:

John S. Malik, Esq.
100 East 14th Street
Wilmington, DE 19801

_____
Marie Steel
Legal Assistant