IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,        :
                                 :
          Plaintiff,             :
                                 :
     v.                          :   Criminal Action No. 06-108-JJF
                                 :
SHEILA MARGARET HAYFORD,         :
                                 :
          Defendant.             :

                           **MEMORANDUM ORDER**

     Pending before the Court is Defendant Sheila M. Hayford's Motion In Limine (D.I. 14).  By her motion, Defendant seeks an order excluding from evidence the specific reasons each of her prior bankruptcy petitions were dismissed.  For the following reasons, the motion will be denied.

     Defendant has been charged with five counts of violating 18 U.S.C. § 152(3), and five counts of bankruptcy fraud under 18 U.S.C. § 157(1). (D.I. 17, 18).  The Government has indicated that it intends to introduce the specific reasons why six of Defendant's bankruptcy petitions[1] were dismissed as evidence of Defendant's alleged bankruptcy fraud scheme.

     Federal Rule of Evidence 404(b) generally governs the admissibility of evidence of uncharged prior acts.  However, Rule 404(b) "does not extend to evidence of acts which are 'intrinsic' to the charged offense." United States v. Cross, 308 F.3d 308,

---

[1] After the Indictment was filed in September 2006, Defendant's seventh bankruptcy case was dismissed, in November 2006, upon motion by the Office of the United States Trustee.

320 (3d Cir. 2002)(quoting Fed. R. Evid. 404(b) Advisory Committee's Note). In the Third Circuit, "acts are intrinsic when they directly prove the charged [offense]." Cross, 308 F.3d at 320 (citing United States v. Gibbs, 190 F.3d 188, 217-18 (3d Cir. 1999)); see also United States v. Haas, 184 Fed. Appx. 230, 234 (3d Cir. 2006)(unpublished opinion). If prior bad acts are not intrinsic, then the provisions of Rule 404(b) apply to their admissibility.

To prove a defendant guilty under Section 152(3), the government must prove that the defendant "knowingly and fraudulently [made] a false declaration, certificate, verification, or statement under penalty of perjury as permitted under 28 U.S.C. § 1746, in or in relation to any case under Title 11 of the United States Code." 18 U.S.C. § 152(3). The Government contends that the evidence at issue directly proves that Defendant knew she was making material false statements, was not mistaken about the nature of what she was certifying, and that she intended to mislead the bankruptcy courts about her complete filing history. The Court concludes that this evidence goes directly to Defendant's state of mind, and it is therefore admissible for the purpose of proving the charges arising under Section 152(3). See United States v. Bobb, 471 F.3d 491, 497 (3d Cir. 2006)(noting that trial courts do not have discretion to exclude intrinsic evidence that directly proves elements of

offenses, even if it would be extremely prejudicial).

The Court also concludes that the evidence at issue is intrinsic to those charges originating under 18 U.S.C. § 157(1), and is therefore admissible in this context as well. Pursuant to Section 157(1), "[a] person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing . . . such a scheme . . . - (1) files a petition under Title 11 . . . shall be fined under this title, imprisoned not more than 5 years, or both." 18 U.S.C. § 157(1). An element of this crime involves devising a scheme to defraud that involves filing a petition under Title 11. The Superseding Indictment alleges that Defendant devised and carried out such a scheme by filing multiple bankruptcy petitions that she did not intend to see to completion, as a means of delaying the sale of her house. The Court finds that the specific reasons that six of Defendant's bankruptcy petitions were dismissed are indicative of the alleged scheme, and thus are admissible because they directly prove an element of the Section 157(1) charges. Accordingly, the Court will deny Defendant's Motion In Limine.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED this 10 day of July 2007, that Defendant's Motion In Limine (D.I. 14) is **DENIED**.

UNITED STATES DISTRICT JUDGE

3