# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No.  06-108-JJF |
| | ) | |
| SHEILA MARGARET HAYFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT REQUEST FOR JURY INSTRUCTIONS

The parties, through undersigned counsel hereby move the Court to consider the following jury instructions.  The parties also reserve the right to request a modification of the instructions herein provided or to request any other such additional instructions suggested by the evidence.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Shannon Thee Hanson
Assistant United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, Delaware  19899
(302) 573-6277 x128

Dated:   September 28, 2007

# TABLE OF CONTENTS

**PAGE**

ROLE OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

NOT ALL EVIDENCE, NOT AL WITNESSES NEEDED . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT . . . . . . . 10

NATURE OF INDICTMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ON OR ABOUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

OPINION EVIDENCE (EXPERT WITNESS) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE . . . . . . . . . . . . . . . 15

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

DEFENDANT'S PRIOR ACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

NATURE OF THE CHARGES: INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

SEPARATE CONSIDERATION --SINGLE DEFENDANT CHARGED WITH
MULTIPLE CRIMES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

GENERAL INFORMATION REGARDING BANKRUPTCY LAWS . . . . . . . . . . . . . . . . . . . 20

BANKRUPTCY FRAUD (Counts 1, 3, 5, 7 and 9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

FALSE DECLARATION OR STATEMENT UNDER PENALTY OF PERJURY IN CONNECTION
WITH BANKRUPTCY (Counts 2, 4, 6, 8, and 10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

KNOWINGLY AND FRAUDULENTLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

DELIBERATIONS AND VERDICT: INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

## ROLE OF JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.01.

## EVIDENCE

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4) Any facts that have been judicially noticed--that is, facts which I say you may    accept as true even without other evidence.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

2

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do

3

not assume from anything I may have done or said during the trial that I have any opinion about any of

the issues in this case or about what your verdict should be.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.02.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence have been used in this trial, "direct evidence" and "circumstantial *(or indirect)* evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

5

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.03.

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.04.

**NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

[*In this case, the defendant presented evidence and produced witnesses.*]  The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.05.

9

**PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT**

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. She started the trial with a clean slate, with no evidence against her. The presumption of innocence stays with her unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that she is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.06.

## NATURE OF THE INDICTMENT

As you know, the defendant is charged in the Indictment with violating federal law, specifically with making a false declaration or statement under penalty of perjury in connection with a bankruptcy (Counts 2, 4, 6, 8, and 10) and with bankruptcy fraud (Counts 1, 3, 5, 7, and 9). As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of the charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.07.

## ON OR ABOUT

You will note that the Counts in the Indictment charge that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact date of any alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Draft Model Criminal Jury Instructions, 3d Circuit, § 3.08.

## OPINION EVIDENCE (EXPERT WITNESS)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Joseph McMahon as an expert in the functioning and administration of the bankruptcy system and the purpose and function of bankruptcy laws. Because of his knowledge, skill, experience, training, or education in the field of bankruptcy Mr. McMahon was permitted to offer opinions in that field and the reasons for those opinions.

The opinions this witness states should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinion(s) entirely if you decide that Mr. McMahon's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.08.

## DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE

The defendant, Sheila Hayford, did not testify and did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that she is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against her because she did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.27.

## DEFENDANT'S TESTIMONY

In a criminal case, the defendant has a constitutional right not to testify. However, if she chooses to testify, she is, of course, permitted to take the witness stand on her own behalf. In this case, the defendant testified. You should examine and evaluate her testimony just as you would the testimony of any witness.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.28.

### DEFENDANT'S PRIOR ACTS

You have heard testimony that the defendant has lost her medical license. This evidence of other acts was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crimes charged in the Indictment; and did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, she must also have committed the acts charged in the Indictment.

Remember that the defendant is on trial here only for making a false declaration or statement under penalty of perjury in connection with a bankruptcy (Counts 2, 4, 6, 8, and 10) and for bankruptcy fraud charges (Counts 1, 3, 5, 7, and 9) and not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.29.

17

## NATURE OF THE CHARGES
### INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crimes charged were committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

## SEPARATE CONSIDERATION--SINGLE DEFENDANT
## CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with ten crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

Pattern Criminal Jury Instructions, 6th Circuit, §2.01A (2005).

19

## GENERAL INFORMATION REGARDING BANKRUPTCY LAWS

Five of the counts against the defendant in the Indictment charge violations of Title 18, United States Code, Section 152(3) - false declaration or statement under penalty of perjury in connection with a bankruptcy; the remaining five counts charge violations of Title 18, United States Code, Section 157, bankruptcy fraud. Before I instruct you on the elements of these bankruptcy crimes, I will give you some instructions on bankruptcy law in general.

A bankruptcy case is initiated by the filing of a bankruptcy petition. The debtor must sign the bankruptcy petition under penalty of perjury. The person on whose behalf the bankruptcy petition is filed is called the "debtor." The people, entities, or businesses that are owed money by the debtor or that have a claim against the debtor are called "creditors." The United States Trustee Program is the component of the United States Department of Justice responsible for overseeing the administration of bankruptcy cases and private trustees.

The filing of a bankruptcy case creates an "estate." The estate of the debtor includes all rights, title, share, or interest in property owned by the debtor at the time the bankruptcy petition is filed, known as the "assets" of the bankrupt estate.

Generally, the filing of the bankruptcy petition operates to stay any action by creditors on their claims against the debtor or his or her property, unless permission of the bankruptcy court is first obtained. For instance, a creditor may not commence or continue any judicial or administrative action or proceeding against the debtor, nor may a creditor enforce, against the debtor or the property of his or her estate, a judgment obtained before the petition was filed. A creditor may proceed against the debtor or the debtor's property only after requesting and obtaining from the bankruptcy court relief from the stay.

20

### BANKRUPTCY FRAUD - Counts 1, 3, 5, 7, and 9

The Indictment charges the defendant with separate counts of bankruptcy fraud in connection with filing five separate bankruptcy petitions, in violation of Title 18, United States Code, Section 157(1). For you to find the defendant guilty of these crimes, you must be convinced that the government has proved each and every one of the essential elements of the offenses beyond a reasonable doubt.

Section 157(1) of Title 18 of the United States Code provides in relevant part that:

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so - (1) files a petition under title 11 . . .

shall be guilty of an offense against the laws of the United States.

In order to meet its burden of proof with regard to Counts 1, 3, 5, 7, and 9 of the Indictment, the government must prove beyond a reasonable doubt each of the following elements:

First, that the defendant knowingly devised a scheme or artifice to defraud, as described in Counts 1, 3, 5, 7, and 9;

Second, that the defendant filed a petition under title 11 of the United States Code, that is, a petition in bankruptcy, for the purpose of executing or attempting to execute the scheme to defraud; and

Third, that the defendant acted with the intent to defraud.

Now I will give you more detailed instructions on some of these terms as used in this statute.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations or

21

promises. Here, the defendant filed the petitions for a fraudulent purpose: to delay and defeat scheduled sheriff sales of real property.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts. Here, for the purpose of delaying and defeating scheduled sheriff sales and defrauding her creditor Travelers/Citicorp, the defendant filed bankruptcy petitions in which she falsely held herself out as seeking bankruptcy protection when, in fact, she did not prosecute the cases to discharge but instead filed the petitions to trigger the automatic stay. While the government alleges that the petitions filed here contained false representations, it is not necessary for the government to prove that the petitions themselves were fraudulent.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing a person's decision. It is not necessary that the statement actually have that influence or be relied on by the bankruptcy court, the trustee, or the creditors, so long as it had the potential or capability to do so. To be material, any misrepresentation or concealment must be reasonably calculated to deceive persons of ordinary prudence and comprehension.

The phrase "intent to defraud" means that the acts charged were done knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or the loss of money or property to another.

22

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.

Adapted from 6th Cir. Pattern Jury Instructions 10.00-10.01 (2005); Seventh Circuit Committee (1999) 18 U.S.C. § 1343; *Neder v. United States*, 527 U.S. 1 (1999) (quoting *United States v. Gaudin*, 515 U.S. 506, 509 (1995) ("In general, a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision of the decision making body to which it was addressed.'"); *United States v. DeSantis*, 237 F.3d 607 (6th Cir 2001); *United States v. Wagner*, 382 F.3d 598 (6th Cir. 2004).

23

## FALSE DECLARATION OR STATEMENT UNDER PENALTY OF PERJURY IN CONNECTION WITH BANKRUPTCY (COUNTS 2, 4, 6, 8, and 10)

The Indictment charges the defendant with knowingly and fraudulently making a false declaration or statement under penalty of perjury in connection with five separate bankruptcy petitions, in violation of Title 18, United States Code, Section 152(3). For you to find the defendant guilty of these crimes, you must be convinced that the government has proved each and every one of the essential elements of the offenses beyond a reasonable doubt.

Section 152(3) of Title 18 of the United States Code provides that:

> Whoever knowingly and fraudulently makes a false declaration, certificate, verification or statement under penalty of perjury . . . [within the meaning of] section 1746 of title 28 [of the United States Code], in or in relation to [any bankruptcy proceeding] . . .

shall be guilty of an offense against the laws of the United States.

In order to meet its burden of proof with regard to Counts 2, 4, 6, 8, and 10 of the Indictment, the government must prove beyond a reasonable doubt each of the following elements:

First, that on or about the dates alleged in the Indictment there existed a proceeding in bankruptcy in the District of Delaware;

Second, that the defendant filed a statement or declaration under penalty of perjury in or in relation to that bankruptcy proceeding;

Third, that the statement related to some material fact;

Fourth, that the statement was false; and

Fifth, that the defendant made such statement knowingly and fraudulently, with intent to deceive the trustee, the creditors, the bankruptcy court or any other person or entity.

24

The first element that the government must prove beyond a reasonable doubt is that there existed a proceeding in bankruptcy under Title 11 of the United States Code. You are instructed that Chapter 7 and Chapter 13 bankruptcies are proceedings under title 11 of the United States Code.

The second element that the government must prove beyond a reasonable doubt is that a declaration or statement under penalty of perjury was made. A declaration is a statement or narration of facts. Here, the government must prove beyond a reasonable doubt that the defendant's statement about prior bankruptcy cases she had filed within the last six years (with respect to Counts 2, 4 and 6) or within the last eight years (with respect to Count 8 and 10) in each of the five bankruptcy petitions charged in the Indictment, was made under penalty of perjury.

The third element that the government must prove beyond a reasonable doubt is that the statement concerned a material fact. A matter is "material" if it has a natural tendency to influence, or is capable of influencing, a person's decision, here the outcome of the bankruptcy proceeding. It is not necessary that the statement actually have that influence or be relied on by the bankruptcy court, the trustee, or the creditors, so long as it had the potential or capability to do so. To be material, any misrepresentation or concealment must be reasonably calculated to deceive persons of ordinary prudence and comprehension.

The fourth element that the government must prove beyond a reasonable doubt is that the statement was false. The term "false statement" means a statement or an assertion which is known to be untrue when made or when used. The term "false" is not limited to affirmative misstatements, but can also mean any knowing omission of fact made with intent to deceive or conceal. In other words, the government must prove, as to each petition charged that the defendant falsely stated that she had filed only one prior bankruptcy case within the last six years (with respect to Counts 2, 4, and 6) or

25

within the last eight years (with respect to Count 8 and 10)    whereas, in truth and in fact, as the defendant then and there well knew, she had filed and caused to be filed additional bankruptcy petitions which she did not disclose.

The fifth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and fraudulently, with the intent to deceive the trustee, the creditors, the bankruptcy court, or any other person or entity. I will describe the terms knowingly and fraudulently in more detail below.

*Adapted from* 2 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 26.07 (2007); Federal Criminal Jury Instructions of the Seventh Circuit, Section 152(3) (1999); Model Criminal Jury Instructions for the District Courts of the Eighth Circuit Section 6.18.152B (2003); *United States v. Gellene*, 182 F.3d 578, 588 (7th Cir. 1999) *citing* Collier on Bankruptcy, ¶ 7.02[2][a][iv] at 7-46 to 7-47; Pattern Criminal Jury Instructions, Seventh Circuit 152[5]. *See also* Sand, Siffert, Loughlin, Reiss, *Modern Federal Jury Instructions* Criminal, Instruction 15-11-15-16 (1998).

26

## KNOWINGLY AND FRAUDULENTLY

Knowingly - Defined

All the offenses charged in the Indictment require that the government prove that the defendant acted "knowingly." This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of her actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

Fraudulently - Defined

As to the requirement in Counts 2, 4, 6, 8 and 10, a statement is "fraudulent" if it was falsely made or made with reckless indifference as to its truth or falsity and made or cause to be made with an intent to deceive the trustee, the creditors, the bankruptcy court, or any other person or entity.

Draft Model Criminal Jury Instructions, 3rd Circuit, §5.02 (September 2006); O'Malley, Grenig, & Lee, *Fed. Jury Prac. & Instr.* §16.08 (5th Ed. 2007).

27

## DELIBERATIONS AND VERDICT
## INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, §8.01 (2005).

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt as to that Count.

To find her not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt as to that Count.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to each of the Counts in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, §8.03 (2005).

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt with respect to each Count.

Pattern Criminal Jury Instructions, 6th Circuit, §8.04 (2005).

## PUNISHMENT

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.05 (2005).

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved a particular charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against her beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, §8.06 (2005).

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, §8.09 (2005).

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:

Shannon Thee Hanson
Assistant United States Attorney

Dated:    September 28, 2007

34

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Criminal Action No.  06-108-JJF |
| | ) |
| SHEILA MARGARET HAYFORD, | ) |
| Defendant. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, hereby attest

under penalty of perjury that on the 28th day of September, 2007, I electronically filed a JOINT

REQUEST FOR JURY INSTRUCTIONS with the Clerk of Court using CM/ECF and by sending a

WordPerfect copy of this document by disk to the Court.  Said document is available for viewing and

downloading from CM/ECF, which will send notification of such filing to the following:

and two copies were mailed, via Federal Express to:

John S. Malik, Esq.
John S. Malik Attorney at Law
100 East 14th Street
Wilmington, Delaware 19801


Shannon T. Hanson
Assistant United States Attorney